**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| **MONIQUE R. SNEAD, Individually and as Personal Representative of the Estate of John H. Snead; JOHN G. SNEAD, Individually and as Trustee of the Snead Irrevocable Trust; MONIQUE R. SNEAD and JOHN G. SNEAD, both individually and as beneficiaries of the John H. Snead Revocable Trust and the Snead Irrevocable Trust,** <br><br>  **Plaintiffs,** <br><br> vs. <br><br> **GUADALUPE C. WRIGHT; and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,** <br><br> **Defendants.** | 3:19-CV-00092 JWS <br><br> ORDER <br><br> [Re: Motion at Doc. 70] |

## I. MOTION PRESENTED

At docket 70 Defendant Guadalupe C. Wright (Wright) moves for an award of fees and costs for claims pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. Plaintiffs Monique R. Snead and John G. Snead, in their various capacities (collectively Plaintiffs), oppose the request at docket 75. Wright replies at docket 76.

## II. BACKGROUND

The court need not repeat the complex procedural posture for purposes of this motion for fees. The factual and procedural background of this case is set forth in the court's order at docket 35, wherein the court granted a stay as to the claims against

-1-

Wright because of pending state court litigation of a similar nature.  Suffice it to say, Plaintiffs have subsequently amended their state court complaint to remove reference to the Merrill Lynch trust accounts.  Plaintiffs subsequently filed a motion asking the court to lift the stay based on their amendment, arguing that it separates the state court issues from the federal issues.  Before the court ruled on the motion to lift the stay, Wright filed this motion requesting an award of fees and costs under Rule 41(d), arguing that "if this Court grants the motion and lifts the stay" she should be awarded fees and costs associated with the dismissal of the Merrill Lynch trust claims in the state court action.  The court subsequently denied the motion to lift the stay.  In her reply, Wright argues that she is still entitled to fees and costs under Rule 41 despite the stay, arguing that Plaintiffs' amendment effectively dismissed the claims against her to the extent they were based on the Merrill Lynch trust accounts.

### III.  DISCUSSION

Rule 41(d) does not apply to the procedural posture of the ongoing litigation between Plaintiffs and Wright.  Rule 41(d) states as follows:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.[1]

What constitutes a dismissal of an action under Rule 41 is set forth within the rule itself.  For voluntary dismissals: "The plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."[2]  Plaintiffs have not filed any notice of dismissal or stipulation of dismissal in the state court.  They only filed an amendment.  Moreover, the amendment did not release Wright from the litigation; rather, it simply sought to limit the factual basis

---

[1] Fed. R. Civ. P. 41(d).

[2] Fed. R. Civ. P. 41(a).

for the claims against her. This is not enough to trigger the application of Rule 41(d). As the Ninth Circuit has stated, "Rule 41 is reserved for circumstances in which the result of the alleged dismissal is that one or all of the defendants are released from the action."[3]

Moreover, costs under Rule 41(d) may only be awarded for "the preparation of work product rendered useless by the dismissal."[4] The court agrees with Plaintiffs that it does not appear that work completed in the state litigation has been rendered useless by the amendment of the complaint.

Wright alternatively argues that fees and costs are warranted under Rule 15. While the rule does not explicitly permit the imposition of costs or sanctions, "a district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty."[5] However, here, Wright is seeking fees associated with the Plaintiffs' amendment of their *state* court claims, not an amendment of their claims in this federal action. There is no basis for such an award.

## IV. CONCLUSION

Based on the preceding discussion, Wright's motion for fees and costs at docket 70 is DENIED.

DATED this 17th day of August 2020.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[3]*Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995).

[4]*Esquivel v. Arau*, 913 F.Supp. 1382, 1388 (C.D. Cal. 1996) (quoting *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)); *Nielson v. Union Bank of Cal., N.A.*, 2003 WL 27374136, at *4 (C.D. Cal. Mar. 31. 2003 ("Federal court interpreting Rule 41(d) generally deny costs incurred for work that will be useful in the later filed case.").

[5]*Gen Signal Corp.*, 66 F.3d at 1514.