IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MONIQUE R. SNEAD, Individually, and as Personal Representative of the Estate of John H. Snead; *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>GUADALUPE C. WRIGHT; *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00092-JWS<br>3:19-cv-00209-JWS<br>CONSOLIDATED<br><br>ORDER |

## I. MOTION PRESENTED

At docket 134, Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") filed a motion to exclude the proposed expert testimony of Chris McConnell, the financial services industry expert for Plaintiffs Monique R. Snead and John G. Snead ("Plaintiffs"). Plaintiffs filed an opposition at docket 139. Merrill Lynch filed a reply at docket 142. Oral argument would not be of assistance to the court.

## II. BACKGROUND

This federal action involves a dispute involving certain Merrill Lynch accounts held by John H. Snead, the father of Plaintiffs, who died in August 2017. Plaintiffs allege that Defendant Guadalupe Wright ("Wright"), who had been in a long-term relationship with John H. Snead up through his death and an employee of Merrill

Lynch, unlawfully transferred funds from John H. Snead's trust accounts and fraudulently made herself the beneficiary of his annuity. In addition to the claims asserted against Defendant Wright, Plaintiffs also allege that Merrill Lynch facilitated these transactions for the benefit of Wright and to the detriment of the decedent and Plaintiffs. They bring multiple causes of action against Merrill Lynch, including breach of fiduciary duty, negligence, and fraudulent nondisclosure. In furtherance of these claim, Plaintiffs retained Chris McConnell ("McConnell") as an expert in the financial services industry. Merrill Lynch moves to exclude all testimony from McConnell, arguing that his expert report improperly presents opinions on legal issues and that his opinions are unreliable because they are "replete with speculation, mischaracterizations of evidence, factual errors and unsupported assertions."[1]

### III.  LEGAL STANDARDS

Federal Rule of Evidence 702 permits a witness qualified by "knowledge, skill, experience, training, or education" to offer expert testimony where: (1) the testimony will help the trier of fact understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.[2] This rule helps the court perform its mandatory gatekeeping function to "assure that the expert testimony 'both rests on a

---

[1] Docket 134 at 2.
[2] Fed. R. Evid. 702.

*Snead v. Wright*     Case No. 3:19-cv-00092-JWS
Order Granting Stipulation to Extend Deadline to File Dispositive Motions     Page 2
Case 3:19-cv-00092-JWS   Document 152   Filed 09/07/22   Page 2 of 9

reliable foundation and is relevant to the task at hand.'"[3] "[T]estimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry."[4] Testimony is reliable if it is rooted in the "knowledge and experience of the relevant discipline."[5] The court's role in analyzing reliability "is to analyze not what the experts say, but what basis they have for saying it."[6] That is, reliability is not to be conflated with credibility. "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."[7]

The court must act as gatekeeper for both scientific and non-scientific expert testimony, although it has flexibility in structuring how it determines whether expert testimony is reliable and relevant.[8] For non-scientific testimony, such as testimony about industry practices and standards, reliability often cannot be measured by examining the methodology, theories, or technical framework supporting the opinion. Rather, reliability is more dependent on the knowledge and experience of the expert.[9] Exclusion of expert testimony should be "the exception rather than the rule."[10]

---

[3] *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)).
[4] *Id.* at 565 (quoting *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)).
[5] *Id.*
[6] *Wendell v. GlaxcoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995)).
[7] *Primiano*, 598 F.3d at 564.
[8] *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020).
[9] *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004).
[10] Fed. R. Evid. 702 advisory committee's note to 2000 amendment.

*Snead v. Wright*  Case No. 3:19-cv-00092-JWS
Order Granting Stipulation to Extend Deadline to File Dispositive Motions  Page 3
Case 3:19-cv-00092-JWS   Document 152   Filed 09/07/22   Page 3 of 9

# IV. DISCUSSION

McConnell's qualifications to testify about matters specific to financial services are not in question here. He possesses an undergraduate degree in economics, as well as a master's degree in business administration. He has a background as a Certified Public Accountant. He worked in the financial planning and advising sector for twenty years before becoming an Accredited Investment Fiduciary Analyst (AIFA) in 2004. He has experience in consulting on matters related to the securities, banking, and financial services industry, including regulatory and internal compliance, custom and practices, supervision, and fiduciary duties. He claims experience in pre-claim, litigation, and arbitration support in cases involving standard of care, custom and practice, and liability.

Despite these unchallenged qualifications, Merrill Lynch argues his testimony should be excluded in full because his expert report offers improper legal opinions about the annuity and trust accounts at issue, including an opinion about how Merrill Lynch breached a fiduciary duty—one of the ultimate legal issues in the case. It also asserts that his opinions, legal or otherwise, are wholly conclusory, without supporting explanation, and based upon speculation and mischaracterizations of the evidence to such an extent that the court should deem any testimony from him an "unreliable nonsense opinion" that should be withheld from the jury.[11]

---

[11] See *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) ("Basically, the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable.").

*Snead v. Wright* Case No. 3:19-cv-00092-JWS
Order Granting Stipulation to Extend Deadline to File Dispositive Motions Page 4
Case 3:19-cv-00092-JWS Document 152 Filed 09/07/22 Page 4 of 9

## A. Legal Opinions

McConnell's expert report is centered around the applicable duties owed by Merrill Lynch to John H. Snead and the beneficiaries of the applicable trusts, and whether any of Merrill Lynch's actions at issue in this case "violated any duty, appliable laws, internal policies, or customary practices."[12] He offers an opinion in his report that Merrill Lynch owed John H. Snead and Plaintiffs a fiduciary duty and that it breached that duty. He also concludes Merrill Lynch violated various SEC and FINRA rules and regulations.

McConnell's inclusion of these legal issues in his report does not require that he be outright excluded from testifying at trial.[13] Testimony that touches upon or embraces an ultimate issue is not automatically objectionable. Indeed, the Ninth Circuit specifically has held that testimony regarding whether "[d]efendants failed to comport with industry standards" may be properly admitted at trial.[14] The testimony only becomes excludable when it includes an opinion on what legal conclusion should be reached by the trier of fact.[15]

After due consideration of McConnell's report, the court declines to exclude his proposed testimony wholesale. McConnell must refrain from offering the opinion included in his report that Merrill Lynch breached its fiduciary duties, because that is a legal conclusion that encroaches on the job of the fact finder. He may,

---

[12] Docket 135-1 at 2–3.
[13] *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002) ("It is well-established . . . that expert testimony concerning an ultimate issue is not per se improper.").
[14] *Hangarter*, 373 F.3d at 1016.
[15] *Id.*

*Snead v. Wright*  
Order Granting Stipulation to Extend Deadline to File Dispositive Motions  
Case No. 3:19-cv-00092-JWS  
Page 5  
Case 3:19-cv-00092-JWS   Document 152   Filed 09/07/22   Page 5 of 9

however, offer testimony at trial to the extent his testimony can be narrowed to focus on explaining the applicable industry standards and best practices garnered from his experience in the industry and how Merrill Lynch's actions and decisions failed to comport with these standards and practices. He may offer opinions that touch on various financial regulations, as long as he can articulate his understanding of what each regulation requires based on his experience and why actions taken by Merrill Lynch fall short of these requirements and expectations.

To the extent Merrill Lynch requests that this court parse through McConnell's report and specifically identify which statements would and would not be admissible, the court declines to do so. The "report is not evidence and, because the objectionable character of some of his statements may simply be due to injudicious phrasing, a pre-trial ruling on the admissibility of his testimony is premature."[16] Plaintiffs' counsel, however, should caution McConnell that he cannot offer opinions about the correct legal conclusion, nor can he opine as a legal expert. Additionally, McConnell cannot testify, as his report suggests he might, about any potential money laundering; any such testimony is beyond the scope of his expertise. His testimony must be related to standards of care in the financial industry—based on custom, best practices, company policies, or applicable regulations—as he understands them to operate based on his years of experience. Any disagreement with his understanding of those standards is the proper subject of cross-examination rather than exclusion.

---

[16] *Madrigal v. Allstate Indem. Co.*, CV-14-4242-SS, 2015 WL 12746232, at *5 (C.D. Cal. Oct. 29, 2015).

*Snead v. Wright*      Case No. 3:19-cv-00092-JWS
Order Granting Stipulation to Extend Deadline to File Dispositive Motions      Page 6
Case 3:19-cv-00092-JWS    Document 152    Filed 09/07/22    Page 6 of 9

B.  **Reliability**

Merrill Lynch also asserts that McConnell's expert opinion testimony should be excluded because it constitutes ipse dixit testimony—opinions offered without supporting explanation and based upon speculation and mischaracterizations of the evidence. In support, Merrill Lynch points to a dozen examples of statements McConnell made in his report or deposition that it asserts are based on speculation or erroneous facts, or are otherwise wholly conclusory opinions made without reference to a specific policy, best practice, or regulation. After due consideration of Merrill Lynch's argument and McConnell's report and deposition, the court cannot deem his testimony wholly unreliable. As noted above, when testimony is not scientific or technical, reliability rests less on an examination of the expert's methodology or application of relevant principals and more on consideration of the expert's knowledge and experience.[17] McConnell has a sufficient foundation of knowledge and experience to serve as an expert on standards of care in the financial services industry, and his proposed testimony is not obviously wholly unreliable. To find that it is, the court would have to conclude that his review of the evidence was erroneous or incomplete, but questions about the facts supporting an expert's opinions reflect on credibility, not admissibility. That is, the court cannot decide whether McConnell's opinions are "right or wrong."[18] Rather, its task simply is to determine whether McConnell's

---

[17] *Hangarter,* 373 F.3d at 1017.
[18] *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) (quoting *Alaska Rent-A-Car, Inc.*, 738 F.3d at 969–70).

"testimony has substance such that it would be helpful to a jury."[19] Here, McConnell's qualifications are established and not challenged, and it is clear he reviewed the evidentiary record. Therefore, his opinions about the applicable standards of care and how they apply to the situation, which is included in his report to some extent, will be helpful to the jury.

The court cautions, however, that McConnell may not testify solely to construct a factual narrative for the jury.[20] He may not simply present some theory of the case favorable to Plaintiffs, particularly one that rests on speculation of malicious motives and forgery. Any testimony that speculates as to motive, intent, or mental state is not appropriate expert testimony and will be subject to objection and exclusion at trial.[21] Furthermore, for every opinion and conclusion offered about Merrill Lynch's conduct falling short of industry standards, McConnell must be able to identify and explain the applicable industry standard.

## V. CONCLUSION

Based on the preceding discussion, Merrill Lynch's motion to exclude the proposed expert testimony of Chris McConnell at docket 134 is DENIED. The court will not exclude Chris McConnell from testifying under Rule 702 of the Federal Rules of Evidence. Nothing in this order should be deemed a ruling on admissibility of any specific statement contained in the report, and the court reserves the right to

---

[19] *Id.*
[20] *Johns v. Bayer Corp.*, No. 09-cv-1935, 2013 WL 1498965, at *28 (S.D. Cal. Apr. 10, 2013).
[21] *See, e.g., Siring v. Oregon State Bd. of Higher Educ. ex rel. E. Oregon Univ.,* 927 F. Supp. 2d 1069, 1077–78 (D. Oregon 2013).

*Snead v. Wright*     Case No. 3:19-cv-00092-JWS
Order Granting Stipulation to Extend Deadline to File Dispositive Motions     Page 8
Case 3:19-cv-00092-JWS    Document 152    Filed 09/07/22    Page 8 of 9

exclude his testimony in the course of trial that exceeds the proper scope of his expertise or is shown to be irrelevant or otherwise inadmissible based on the evidence as presented at trial.

IT IS SO ORDERED this 7th day of September, 2022, at Anchorage, Alaska.

                                        */s/ John W. Sedwick*
                                        JOHN W. SEDWICK
                                     Senior United States District Judge

*Snead v. Wright*                                        Case No. 3:19-cv-00092-JWS
Order Granting Stipulation to Extend Deadline to File Dispositive Motions      Page 9
Case 3:19-cv-00092-JWS    Document 152    Filed 09/07/22    Page 9 of 9