IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MONIQUE R. SNEAD, individually, and as Personal Representative of the Estate of John H. Snead; JOHN G. SNEAD, individually and as Trustee of the Snead Irrevocable Trust; and MONIQUE R. SNEAD and JOHN G. SNEAD, individually and as beneficiaries of the John H. Snead Revocable Trust and the Snead Revocable Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>GUADALUPE C. WRIGHT; and MERRILL LYNCH, PIERCE, FINNER & SMITH, Inc.,<br><br>Defendants. | Case Nos. 3:19-cv-00092-JMK<br>3:19-cv-00209-JMK<br>(Consolidated)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Pending before the Court at Docket 207 is Plaintiffs' *Motion for Reconsideration* of this Court's Order at Docket 206. For the following reasons, the *Motion for Reconsideration* is **DENIED**.

## I. LEGAL STANDARD

Reconsideration requires "showing of . . . manifest error of the law or fact; discovery of new material facts not previously available; or intervening change in the law."[1] Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[2] "[A] party must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."[3] Additionally, the three circumstances enumerated in Local Rule 7.3(h)(1) "are the sole grounds for granting a motion for reconsideration; such a motion 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"[4]

## II. DISCUSSION

Plaintiffs seek reconsideration of the Court's prior order granting Merrill Lynch's Motion for Summary Judgment and granting in part and denying in part Ms. Wright's Motion for Partial Summary Judgment for two reasons. First, they argue the Court misapplied the law regarding summary judgment and made impermissible factual findings and credibility determinations.[5] Second, they argue that the Court made a manifest error of law by misinterpreting AS 13.36.079(f).[6]

---

[1] Local Civil Rule 7.3(h)(1).
[2] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotations omitted).
[3] *Blakney v. Prasad*, No. 3:18-CV-00098-TMB, 2019 WL 3253961, at *1 (D. Alaska July 19, 2019) (internal quotations and citations omitted).
[4] *Id.* (quoting *Carroll*, 342 F.3d at 945).
[5] Docket 207 at 3–5.
[6] Docket 207 at 5–6.

*Monique R. Snead et al. v. Guadalupe C. Wright, et al.*     Case Nos. 3:19-cv-00092-JMK; 3:19-cv-00209-JMK
Order Regarding Pending Motions     Page 2

Case 3:19-cv-00092-JMK     Document 208     Filed 07/03/24     Page 2 of 6

With respect to Plaintiffs' first argument, reconsideration is not appropriate. Plaintiffs argue that the Court improperly made a factual finding with respect to a telephonic account review on July 25, 2017.[7] Upon review, the Court has determined that its factual conclusion that a telephonic account review occurred on July 25, 2017 was in error. The absence of a record substantiating such a call occurred where Merrill Lynch routinely keeps such records is enough to create a genuine dispute that the call occurred. Nonetheless, this factual error is not material and does not require reconsideration of the Court's analysis of Plaintiffs' claims with respect to the Change of Beneficiary form. Nowhere did the Court rely on the occurrence of an account review on July 25, 2017 to adjudicate Plaintiffs' claims.

Plaintiffs further argue that the Court improperly concluded that "Mr. Snead confirmed that Merrill Lynch was authorized to transfer funds without [Ms. Wright's] assistance or participation."[8] And they contend that the Court improperly relied on a recording to determine that Merrill Lynch had no reason to suspect Mr. Snead lacked capacity at the time of the call.[9] Indeed, they assert that they produced "voluminous evidence" establishing that, at the time of the Wire Transfer, Merrill Lynch should have known that Mr. Snead lacked capacity, and point generally to their oppositions and exhibits at Dockets 181 and 184 for support.[10]

---

[7] Docket 207 at 3–4.
[8] Docket 207 at 4.
[9] Docket 207 at 4.
[10] Docket 207 at 4–5.

*Monique R. Snead et al. v. Guadalupe C. Wright, et al.*      Case Nos. 3:19-cv-00092-JMK; 3:19-cv-00209-JMK
Order Regarding Pending Motions      Page 3

Case 3:19-cv-00092-JMK   Document 208   Filed 07/03/24   Page 3 of 6

First, the Court acknowledged that Ms. Wright participated in the August 3, 2017 call but noted that Ms. Wright did not participate in the *authorization* of the transfer.[11] Plaintiffs presented no evidence to the contrary. Second, the Court's conclusion that summary judgment was appropriate with respect to Merrill Lynch was not in error. Plaintiffs argue that they produced evidence that Merrill Lynch knew Mr. Snead lacked capacity at the time of the August 3, 2017 call and cite to the entirety of the record adduced in opposition to the motions for summary judgment. But, on a motion for reconsideration, it is the moving party's burden to demonstrate a manifest error, including by specifically citing to the evidence that, in their view, demonstrates such error.[12] It is not this Court's obligation to search the record to identify evidence in support of the moving party's position. Reconsideration may be denied on the basis that Plaintiffs have not carried their burden.

Nonetheless, in order to mollify Plaintiffs' concerns, the Court revisited the quoted parts of its order and Plaintiffs' briefing to reevaluate whether there is a genuine issue of fact that Merrill Lynch was aware that Mr. Snead lacked capacity at the time he confirmed the Wire Transfer. Admittedly, the Court's prior order was imprecise. The issue is not whether Merrill Lynch had reason to suspect Mr. Snead lacked capacity, but rather whether Merrill Lynch knew that to be the case. To survive summary judgment, Plaintiffs were required to have produced evidence that Merrill Lynch had actual knowledge that Mr. Snead lacked capacity. Alaska statute provides that "[a] person who

---

[11] Docket 206 at 9.
[12] Local Civil Rule 7.3(h)(1).

*Monique R. Snead et al. v. Guadalupe C. Wright, et al.*     Case Nos. 3:19-cv-00092-JMK; 3:19-cv-00209-JMK
Order Regarding Pending Motions     Page 4

Case 3:19-cv-00092-JMK    Document 208    Filed 07/03/24    Page 4 of 6

acts in reasonable reliance on a certification of trust without knowledge that the representations contained in the certification of trust are incorrect is not liable to another person for acting in reasonable reliance on the certification of trust and may assume without inquiry the existence of the facts contained in the certification."[13] The plain language of the statute makes clear that Plaintiffs may not recover against Merrill Lynch unless it had actual knowledge that Mr. Snead lacked capacity to make the Wire Transfer.[14] And Plaintiffs produced no evidence that Merrill Lynch knew Mr. Snead lacked capacity. Plaintiffs argued that Merrill Lynch failed to follow internal policies to assess whether Mr. Snead was being financially exploited,[15] allowed Ms. Wright to provide instructions for transactions,[16] and allowed Ms. Wright's phone number to be used to confirm transactions.[17] Additionally, they argue that Mr. Snead and Ms. Wright called Merrill Lynch to provide instructions related to the Wire Transfer while Mr. Snead was hospitalized and taking lidocaine.[18] None of this evidence shows that Merrill Lynch had actual knowledge that Mr. Snead lacked capacity. As such, the Court did not make a manifest error of fact or law when it concluded that summary judgment dismissing claims against Merrill Lynch related to the Wire Transfer was warranted.

---

[13] Alaska Stat. § 13.36.079(f).
[14] *See Johnson as Tr. of Nina J. Cummings Revocable Living Tr. v. Wells Fargo Bank, N.A.*, No. 2:22-cv-00196-JCM-EJY, 2022 WL 2124392, at *5–7 (D. Nev. May 20, 2022), *report and recommendation adopted*, 2022 WL 2119073 (D. Nev. June 13, 2022) (interpreting a materially similar provision of Nevada law).
[15] *See* Docket 181 (SEALED) at 22–23.
[16] Docket 181 (SEALED) at 23–25.
[17] Docket 181 (SEALED) at 28.
[18] Docket 184 (SEALED) at 21.

*Monique R. Snead et al. v. Guadalupe C. Wright, et al.*  Case Nos. 3:19-cv-00092-JMK; 3:19-cv-00209-JMK
Order Regarding Pending Motions  Page 5

Case 3:19-cv-00092-JMK   Document 208   Filed 07/03/24   Page 5 of 6

With respect to Plaintiffs' argument that the Court misapplied AS 13.36.079(f), reconsideration is not warranted either. As discussed, "a party must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."[19] Plaintiffs simply state their disagreement with the Court's interpretation of statute. Accordingly, reconsideration on this basis is denied.

Finally, Plaintiffs argue that "[w]hile Merrill Lynch may rely on the assertions in a trustee certification form regarding who has authority, they cannot blindly allow transactions to occur in violation of internal and industry rules and where undue influence is readily apparent."[20] But, as the Court has discussed, Alaska law protects Merrill Lynch from liability when they rely on the Trustee certification without actual knowledge that the certifications are incorrect.

### III. CONCLUSION

For the foregoing reasons, reconsideration is **DENIED**.

IT IS SO ORDERED this 3rd day of July, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[19] *Blakney*, 2019 WL 3253961, at *1 (internal quotations and citations omitted).
[20] Docket 207 at 6.

*Monique R. Snead et al. v. Guadalupe C. Wright, et al.*     Case Nos. 3:19-cv-00092-JMK; 3:19-cv-00209-JMK
Order Regarding Pending Motions     Page 6
Case 3:19-cv-00092-JMK     Document 208     Filed 07/03/24     Page 6 of 6